CASE No. 873.

VERNER v. DOWNS.

1. A judgment creditor is not entitled to a decree adjudging a deed of conveyance made by his debtor to be fraudulent, until there has been return of *nulla bona* to an execution issued before the judgment.
2. Plaintiffs not claiming that the deficient evidence could be supplied, this court reversed the Circuit decree and dismissed the complaint.

Before MACKEY, J., Oconee, March, 1878.

This was an action commenced in 1876, by J. D. Verner and W. J. Stribling, constituting the firm of Verner & Stribling, against G. W. Downs, Sallie Downs, and W. T. Owens, to set aside as fraudulent a certain deed of conveyance of a tract of land, alleged to be the property of G. W. Downs, who was largely indebted to Verner & Stribling on notes and accounts, and upon which suit was then pending. That suit was instituted in 1875, and judgment was obtained in February, 1877, a year before the trial of this case. There was no proof of a return of *nulla bona,* or even of the issue of an execution, on this judgment One of the plaintiffs testified that an attachment had been issued in the action on the money demand, and also that he had "failed to be able to make the money" on this judgment. The Circuit judge held that the deed was fraudulent and void, and ordered the land to be sold as the property of G. W. Downs. The defendants appealed, upon several grounds, only one of which has been considered by this court. It was as follows:

2 F

5. "Because the conclusion of his Honor, that the conveyance of the tract of land in question be, and the same is hereby declared fraudulent and void, is contrary to law and the evidence submitted to his Honor, the Circuit judge, in writing,. upon the trial had in this action."

The ground taken in the opinion of this court was not noticed in the court below, nor in the arguments first submitted on the .appeal; but, upon the hearing of the appeal, this court raised the question, whether the plaintiffs had sufficiently exhausted their legal remedies to entitle them to a recovery in this action; upon this question the respondents filed a supplemental argument.

*Mr. S. P. Dendy*, for appellant.

*Mr. J. J. Norton*, contra.

This court should not have raised the question. 4 *S. C.* 356 ; 2 *Hill's Ch.* 121 ; *Code*, §§ 192, 193. The rules laid down in 2 *McC. Ch.* 416 ; 14 *Rich. Eq.* 155, and 1 *S. C.* 192, are not conclusive against us. They were dismissed upon the ground that it was not shown that there was no adequate remedy at law,. and they admit that such inadequacy may originate from various causes. See 4 *Rich. Eq.* 197 ; 14 *Rich. Eq.* 154, *note ;* 4 *S. C.* 293 ; 4 *Johns. Ch.* 619 ; *Spears' Eq.* 427. If objection is valid, we should be permitted to amend. 3 *Strob. Eq.* 330; 9 *Rich. Eq.* 337. The failure of the sheriff to make the money on attachment is as good as *nulla bona* to an execution. 2 *Wait's A. & D.* 414, 416, 417.

May 10th, 1880. The opinion of the court was delivered by

WILLARD, C. J. This action is in the nature of a judgment creditor's bill to set aside a conveyance made to the defendant,. S. Downs, the wife of the judgment debtor, on the ground that it was made to hinder, delay, and defraud the creditors of such judgment debtor. The decree appealed from adjudged the conveyance in question to be fraudulent and void. The fifth ground of appeal raised the objection that the decree, in adjudicating the conveyance fraudulent and void, " is contrary to law and the evidence." The objection renders it necessary for us to see

whether the evidence on which the decree was pronounced shows that the plaintiffs had an equity to demand the decree. It nowhere appears that an execution has been issued upon his judgment, and that it has been returned *nulla bona* in whole or in part. This is a fatal defect in showing that the plaintiff has a right to demand the aid of a court of equity in a creditor's bill *inter vivos*. *Ragsdale* v. *Holmes*, 1 *S. C.* 91. The proper remedy for a judgment creditor, for the enforcement of his judgment, is by execution in the court of law. It is only when he has exhausted that remedy without satisfying his debt, that he can demand the aid of a court of equity. The highest evidence of the exhaustion of such remedy is the record evidence offered by the returns of the sheriff upon the execution. The plaintiff, in producing such return of *nulla bona*, is not required to give independent proof of the solvency of his debtor. Enjoying the advantages arising from the simplicity and inexpensiveness of this means of exhibiting the condition of his debtor's estate, it is unreasonable to permit him to disregard these simple means of proof, and cast upon the court and the party the onerous issue of the insolvency of the defendant, upon general evidence. Hence it is that the courts of equity have held, as a rule of convenience, founded on the clearest reason and equity, that the plaintiff must issue his execution and procure its return, before applying to the court of equity for aid. Having failed to show, in the present case, that this step has been taken, the evidence shows no equity in the plaintiffs to demand the decree that has been pronounced, and it must be reversed.

It is not claimed, at bar, that the deficient evidence can be supplied at the Circuit, and the bill must be dismissed.

Decree reversed.

McIVER and McGOWAN, A. J.'s, concurred.